UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALOYSIUS P. FRANKLIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHCF STOCKTON MEDICAL DOCTOR, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-0943 MCE KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. Plaintiff's amended complaint is before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's First Two Claims

Plaintiff alleges that defendants Toles, Greene, and John Doe,[1] all correctional officers, used excessive force against plaintiff at California Health Care Facility in January of 2018, in violation of plaintiff's Eighth Amendment rights. In addition, plaintiff alleges that defendant Dr. Atkins was deliberately indifferent to plaintiff's serious medical needs by failing to update plaintiff's medical records and SOMs to reflect plaintiff's special cuffing medical custody

---

[1] The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants. Thus, once the court issues its discovery and scheduling order, plaintiff must seek the identity of John Doe through discovery and then promptly move to amend the complaint to properly name such defendant. Fed. R. Civ. P. 15; see also Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action.

accommodations.

The court has reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants Toles, Greene, and Dr. Atkins. See 28 U.S.C. § 1915A.

Plaintiff's Remaining Claims & Other Defendants

First, although plaintiff identifies Dr. Meagan Rourke in the caption of his amended complaint, plaintiff did not include Dr. Rourke in the defendant portion of the pleading. Fed. R. Civ. P. 10(a).

Second, plaintiff includes no charging allegations as to defendants Dr. Dillon or Dr. Loard, who are identified as defendants.

Third, because these doctors are employed at prisons other than California Health Care Facility ("CHCF"), plaintiff's claims against such doctors should be dismissed without prejudice because they are not properly joined in this action. Under Federal Rule of Civil Procedure 20(a), individuals may be joined in one action as defendants if any right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action. Id., see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

In his third claim for relief, plaintiff alleges that when he arrived at R.J. Donovan from California Mens Colony, Dr. Rourke removed all of plaintiff's accommodations from plaintiff's file. Such allegation does not arise from the alleged January 2018 incidents at CHCF, where Dr. Atkins allegedly failed to update plaintiff's medical records and SOMs, or where correctional officers Toles and Greene allegedly used excessive force in improperly cuffing plaintiff. Any claims against Dr. Dillon at California Mens Colony or Dr. Loard at the California Treatment Center would be improperly joined for the same reason. Thus, plaintiff's unrelated claims against

Dr. Rourke, Dr. Dillon and Dr. Loard should be dismissed without prejudice to plaintiff raising such claims in a separate civil rights action.[2]

Conclusion

    1. Service is appropriate for the following defendants: Toles, Greene, and Dr. Atkins.

    2. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint (ECF No. 15).

    3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a. The completed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form for each defendant listed in number 1 above; and

        d. Four copies of the endorsed amended complaint (ECF No. 15).

    4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

    Further, IT IS HEREBY RECOMMENDED that defendants Dr. Rourke, Dr. Dillon and Dr. Loard, and plaintiff's third claim, be dismissed without prejudice.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

---

[2] In addition, such actions must be filed in the proper court. For example, claims arising from incidents at R.J. Donovan should be filed in the Southern District of California. Claims arising from incidents at the California Mens Colony should be filed in the Central District of California. Claims arising from the California Substance Abuse Treatment Facility and State Prison should be filed in the Fresno Division of the Eastern District of California.

failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 8, 2018

/cw/fran0943.1.56

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

```
1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   ALOYSIUS P. FRANKLIN,              No. 2:18-cv-0943 KJN P
12              Plaintiff,
13         v.                           NOTICE OF SUBMISSION OF
                                        DOCUMENTS
14   CHCF STOCKTON MEDICAL
     DOCTOR, et al.,
15
                Defendants.
16
17
         Plaintiff hereby submits the following documents in compliance with the court's order
18
   filed _____ :
19
         ____      completed summons form
20
         ____      completed USM-285 forms
21
         ____      copies of the _____
22                                Amended Complaint
23
   DATED:
24
25
                                              _____
26                                            Plaintiff
27
28
                                             1
```